UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>— against —<br><br>RAHMEL SMITH,<br><br>Defendant. | 19-cr-137 (ARR)<br><br>**Not for print or electronic publication**<br><br>**Opinion & Order** |

ROSS, United States District Judge:

Before me is defendant Rahmel Smith's motion for bond and temporary release pending sentencing. *See* Mot. for Release, ECF No. 113 ("Def.'s Mot."). The government opposes. For the reasons set forth below, the defendant's motion is denied.

I assume the parties' familiarity with the facts underlying this case. In short, in March 2019, Smith was indicted on three counts: conspiracy to distribute and possess with intent to distribute cocaine base, heroin, and marijuana; possession of cocaine base with intent to distribute; and possession of firearms in relation to a drug trafficking crime. *See* Indictment 1–4, ECF No. 48. In October 2019, Smith pleaded guilty to counts one and three. *See* Min. Entry, Oct. 17, 2019, ECF No. 98.[1] He is currently detained awaiting his sentencing proceeding at the Metropolitan Detention Center in Brooklyn, New York ("MDC"). The parties agree that Smith faces a mandatory minimum sentence of fifteen years' imprisonment. *See* Government's Resp. to Def.'s Mot. 2, ECF No. 114 ("Gov't Resp."); Def.'s Mot. 2.

---

[1] The government's brief indicates, seemingly erroneously, that Smith pleaded guilty to counts two and three. *See* Government's Resp. to Def.'s Mot. 1, ECF No. 114.

Smith now moves, through counsel, for temporary release from the MDC because of the COVID-19 public health crisis. Specifically, he argues both that conditions within the MDC pose a risk for the spread of COVID-19 and that he faces a heightened risk of severe illness from COVID-19 because of his medical history of low iron, a positive tuberculosis test, and occasional "chest pains and lack of oxygen." Def.'s Mot. 1–3. While acknowledging that he is not on the MDC's list of "high risk" inmates under Centers for Disease Control guidelines, he claims to have been diagnosed with and treated for pediatric tuberculosis in the sixth grade. *Id.* at 3. Since then, he has remained asymptomatic but continues to undergo "repeated, annual chest x-ray examinations." *Id.* He asserts that, "having been . . . left with lasting damages to his lungs," he "must be considered to be at increased risk from COVID-19." *Id.* at 3–4.

Under 18 U.S.C. § 3143(a)(2), a person convicted of an offense that carries a maximum prison sentence of ten years or more under the Controlled Substances Act generally must be detained pending sentencing unless the court finds that certain conditions are satisfied. *See* 18 U.S.C. § 3143(a)(2) (referring to § 3142(f)(1)(C), which describes offenses with maximum of ten years or more under Controlled Substances Act). Specifically, the court may release the individual if

> (A)
> > (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

§ 3143(a)(2). The parties agree that § 3143(a)(2) governs here. *See* Gov't Resp. 3; Def.'s Mot. 3. Because Smith faces a mandatory minimum prison sentence of fifteen years, I may not release him under § 3143(a)(2), as it is not the case that the government will recommend no sentence of

imprisonment. *See id.*; Gov't Resp. 3.

> Nonetheless, under § 3145(c),
>
> [a] person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

§ 3145(c). Thus, the court may release a person who is otherwise mandatorily detained under § 3143(a)(2) if it (1) "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community," § 3143(a)(1), and (2) finds that "exceptional reasons" justify release, § 3145(c); *see United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991) (citing *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991)) (acknowledging that this provision of § 3145(c) applies to original applications for release notwithstanding its inclusion in section that generally covers appeals); *United States v. Rentas*, No. 09 CR 555(HB), 2009 WL 3444943, at *1 (S.D.N.Y. Oct. 26, 2009) (setting forth standard under § 3145(c)). The defendant "bears the burden of demonstrating that there is 'clear and convincing evidence'" that he does not pose a flight risk or a danger to the public. *United States v. Cubangbang*, No. (S1) 18 Cr. 601 (PGG), 2020 WL 1905591, at *5 (S.D.N.Y. Apr. 17, 2020).

"Exceptional [reasons] exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (quoting *DiSomma*, 951 F.2d at 497). This test "is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'" *Id.* (citing *DiSomma*, 951 F.2d at 497).

Here, Smith has not met his burden to show by clear and convincing evidence that he is not likely to flee. First, the mandatory minimum sentence of fifteen years' imprisonment that he

3

faces provides him with a strong incentive to flee. *See United States v. Jones*, No. S1 19 Cr. 125 (VSB), 2020 WL 1934997, at *4 (S.D.N.Y. Apr. 22, 2020) (concluding that facts did not support finding by clear and convincing evidence that defendant was not flight risk partly because he faced mandatory five-year prison sentence); *United States v. Newton*, No. 18-cr-373-5 (RJS), 2020 WL 1862630, at *1 (S.D.N.Y. Apr. 13, 2020) (declining to find that defendant did not pose flight risk when mandatory minimum sentence of five years and Guidelines range of 87 to 108 months provided "significant motive to flee"). In addition, Smith's Pretrial Services Report shows some history of flouting the law, as he violated probation and was returned on a bench warrant in 2012. *See* Pretrial Services Report 3, ECF No. 46. His good behavior at the MDC, acceptance of responsibility by pleading guilty, and significant ties to the New York metropolitan area do not amount to clear and convincing evidence that he is not likely to flee. *See* Def.'s Mot. 5. Nor am I persuaded that "the current health crisis makes flight next to impossible." *Id.* at 6.

Further, Smith has not met his burden to show by clear and convincing evidence that, if released, he would not pose a danger to the public. The offense to which he pleaded guilty involved using a firearm in relation to a drug trafficking crime—a serious offense. The government claims, and Smith does not dispute in his reply brief, that Smith sold an AK-47 and a .25-caliber pistol, along with ammunition, to a confidential informant. Gov't Resp. 1; *see* Def.'s Reply to Gov't Resp., ECF No. 115 ("Def.'s Reply"). The government also claims, and Smith does not dispute in his reply brief, that Smith "was a leader of a violent gang" in Brooklyn and that he sold approximately 280 grams of crack cocaine to a confidential informant. Gov't Resp. 1; *see* Def.'s Reply. In addition, Smith has a prior conviction for criminal possession of a weapon in the fourth degree; he was discharged from his term of probation on that offense fewer than two years before his indictment in the instant case. *See* Indictment; Pretrial Services Report 3.

With respect to the dangerousness element, Smith argues merely that his "release would not endanger the community, since location monitoring and home confinement[] would prevent him from leaving his mother's home to engage in criminal activity." Def.'s Mot. 6. This bare assertion does not constitute clear and convincing evidence that his release would not pose a danger to the public and does not overcome the evidence to the contrary.

Finally, no "exceptional reasons" show that continued detention is inappropriate. § 3145(c). Smith is not on the MDC's list of inmates who face a "high risk" from COVID-19. Def.'s Mot. 3. At approximately thirty years old, he is relatively young. *See* Pretrial Services Report 1, 4. The only medical condition on which Smith elaborates in his brief is his positive tuberculosis test, which stems from his diagnosis of pediatric tuberculosis in the sixth grade. *See* Def.'s Mot. 3. He is currently asymptomatic and has completed his treatment. *See id.* While he claims to have "been left with lasting damage to his lungs," it is not clear whether that claim is based on the results of his annual chest x-rays, or whether it is a mere assumption. *Id.* at 3–4. In fact, Smith has provided me with no evidence whatsoever to support his claims about his physical condition. As such, I cannot conclude that his childhood tuberculosis diagnosis, given his completion of treatment and current asymptomatic status, places him at an increased risk of suffering severe illness if he were to contract COVID-19. I reach the same conclusion with respect to his assertion that he has low iron and occasionally experiences "chest pains and a lack of oxygen." *Id.* at 2; *see United States v. Harry*, No. 19-cr-535, 2020 WL 1975361, at *3 (E.D.N.Y. Apr. 23, 2020) (finding no exceptional reasons under § 3145(c) when defendant detained at MDC did not have underlying conditions that made him particularly susceptible to COVID-19); *Jones*, 2020 WL 1934997, at *6–7 (finding no exceptional reasons under § 3145(c) when defendant, who was treated for leukemia as a teenager, presented no evidence that COVID-19 presently posed increased risk to him); *United States v.*

5

*Rivera-Figueroa*, No. 17-CR-183, 2020 WL 1921221, at *2 (W.D.N.Y. Apr. 21, 2020) (finding no exceptional reasons under § 3145(c) when defendant was twenty-nine years old and did not claim to suffer from any condition that rendered him especially vulnerable to COVID-19); *Cubangbang*, 2020 WL 1905591, at *6–7 (finding no exceptional reasons under § 3145(c) when defendant claimed to have moderate asthma but submitted no evidence to support that claim or to show that he faced heightened risk from COVID-19); *Newton*, 2020 WL 1862630, at *2 (concluding that for pandemic to constitute exceptional reason under § 3145(c), defendant would have to show likelihood of contracting COVID-19 because he was incarcerated and that he faced acute risk of serious illness if he contracted COVID-19); *see also United States v. Landji*, No. (S1) 18 Cr. 601 (PGG), 2020 WL 1674070, at *5 (S.D.N.Y. Apr. 5, 2020) (denying pretrial release when court found no basis on which to conclude defendant was more susceptible to COVID-19 than were other inmates).

I acknowledge that the COVID-19 public health crisis poses a risk to everyone in detention, including those at the MDC. Smith has presented me with an inspection report by Dr. Homer Venters that raises serious concerns about the adequacy of the measures that the MDC has taken to combat this crisis and ensure the safety of its inmates. *See* Venters Aff. Def.'s Reply Ex. A, ECF No. 115-1. Smith's own account from inside the MDC, though anecdotal, further illuminates the unsanitary conditions within the MDC and the indifference of some of its staff. *See* Def.'s Mot. 2. While these accounts are alarming, they pertain to the entire MDC inmate population, and not to Smith in particular. Accordingly, they do not provide me with a basis on which I can conclude that the "extraordinary reasons" requirement under § 3145(c) is satisfied in Smith's case.

Thus, for the reasons set forth above, Smith's motion for bond and temporary release pending sentencing is denied.

SO ORDERED.

Dated: May 4, 2020  \_\_\_\_\_/s/_____
Brooklyn, New York  Allyne R. Ross
United States District Judge